# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JORGE ROSALES, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| v. | ) JURY DEMAND |
| | ) |
| FLAGSTAR BANK, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Jorge Rosales ("Mr. Rosales" or "Plaintiff") hereby files this Complaint against Defendant Flagstar Bank ("Flagstar" or "Defendant") and states as follows:

1. Plaintiff Jorge Rosales is an individual residing in Sumner County, Tennessee.

2. Defendant Flagstar Bank ("Flagstar") is a financial institution with its principal office located at 5151 Corporate Drive, Troy, MI 48098. Flagstar Bank does business, specifically including mortgages, in Tennessee.

3. This Court has jurisdiction over this action pursuant to under 28 U.S.C. § 1331, which provides federal district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Here, Mr. Rosales is alleging, amongst other claims, a violation of the federal Truth in Lending Act.

4. Venue is proper pursuant to 28 U.S.C. § 1391, which provides that the action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Here, Mr. Rosales is a resident of Sumner County, Tennessee, and the property in question is located in Sumner County, Tennessee.

1

## FACTUAL ALLEGATIONS

5. Mr. Rosales obtained a mortgage for a property located on 131 Mockingbird Hill Rd., Hendersonville TN 37075 (the "Property") from Highlands Bank in 2021.

6. His mortgage payment was automatically drafted from his bank account at Bank of America.

7. Mr. Rosales never had a late payment on his mortgage when it was at Highlands Bank.

8. On or about July 13, 2022, Flagstar took over Mr. Rosales's mortgage from Highlands Bank.

9. Mr. Rosales received a letter dated July 13, 2022 informing him of this change. The letter is attached hereto as **Exhibit 1**.

10. The letter stated, "If your monthly payment is automatically deducted from your checking/savings account, this service will continue without interruption."

11. As promised, Flagstar automatically deducted Mr. Rosales's mortgage payments for August, September, and October 2022.

12. Beginning in November 2022, Flagstar ceased taking automatic payments from Mr. Rosales's account without any notice whatsoever.

13. In January 2023, Mr. Rosales realized that Flagstar had not auto-drafted his mortgage payments for three months without notifying him of the same.

14. Mr. Rosales immediately contacted Flagstar to inquire into Flagstar's mistake and to pay the three undrafted payments.

15. During this call, Flagstar admitted to its fault and resumed the auto-draft from Mr. Rosales's bank account.

2

16. Flagstar further assured Mr. Rosales that it would contact the credit bureaus and inform them of its error.

17. Flagstar failed to inform the credit bureaus of its mistake, and Mr. Rosales has suffered and will continue to suffer damages as a result.

18. Specifically, Mr. Rosales signed a contract and was in an agreement to purchase a home for $320,000.00 in the Donelson area of Nashville. He had been pre-approved for a mortgage for this with a fixed interest rate of 6.75%.

19. However, Mr. Rosales's mortgage application was eventually denied because his credit report shows a delinquency due to the missed payments (that were due to no fault of his own). The "Statement of Credit Denial, Termination, or Change" is attached hereto as **Exhibit 2**.

20. As a result, Mr. Rosales was unable to purchase the property, which in turn will cause him to lose guaranteed profits from the rental income he would have received had he been able to purchase the property.

21. Moreover and importantly, Mr. Rosales no longer qualifies for the 6.75% interest rate that he would have received had Flagstar done its due diligence in January as promised. Property prices, too, are significantly higher than the purchase price Mr. Rosales was guaranteed. Accordingly, Mr. Rosales can no longer find a duplex in the Donelson area of Nashville for $320,000.00.

22. When Mr. Rosales discovered Flagstar's failure to inform the credit bureaus of its mistake, Mr. Rosales again contacted Flagstar several times, both via telephone and written correspondence. Nevertheless, Flagstar still did not correct its mistake.

23. As a direct result of Flagstar's failure to rectify its mistake for over seven months, Mr. Rosales has suffered hundreds of thousands of dollars in damages, along with damage to his

reputation and credibility.

## COUNT ONE: FRAUDULENT MISREPRESENTATION

24. Plaintiffs incorporate the above-referenced paragraphs as if fully restated.

25. Flagstar intentionally misrepresented that it would take automatic payments from Mr. Rosales's account and further that it informed the credit bureaus of its error in causing Mr. Rosales's missed payments.

26. Flagstar did not take automatic payments from Mr. Rosales's account for three months, nor did it inform the credit bureaus of its error.

27. Once the misrepresentation was brought to Flagstar's attention, Flagstar resumed automatic drafts from Mr. Rosales's account, but still refused to contact the credit bureaus.

28. Flagstar's actions constitute fraud or fraudulent misrepresentation.

29. As a direct and proximate result of Flagstar's unlawful behavior, Mr. Rosales was injured in an amount to be proven at trial.

## COUNT TWO: NEGLIGENT MISREPRESENTATION

30. Mr. Rosales incorporates the above-references paragraphs if restated herein.

31. Flagstar negligently misrepresented that it would take automatic payments from Mr. Rosales's account and further that it informed the credit bureaus of its error in causing Mr. Rosales's missed payments.

32. The information provided by Flagstar was false because it did not take automatic payments from Mr. Rosales's account for three months, nor did it inform the credit bureaus of its mistake.

33. Mr. Rosales reasonably relied upon Flagstar's representation to his financial detriment.

4

34. Flagstar failed to exercise reasonable care in communicating the information regarding the auto-drafts and credit bureau to Mr. Rosales.

35. Flagstar's actions at a minimum constitute negligent misrepresentation.

36. As a direct and proximate result of Flagstar's unlawful behavior, Mr. Rosales was injured in an amount to be proven at trial.

### COUNT THREE: TENNESSEE CONSUMER PROTECTION ACT

37. Mr. Rosales incorporates the above-referenced paragraphs as if restated herein.

38. Flagstar's actions constitute a violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. 47-18-101 et seq. These violations include:

> (2) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services. …;
>
> (3) Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another. …;
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;
>
> (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

Tenn. Code Ann. § 47-18-104.

39. As a proximate result of Flagstar's violations of the Tennessee Consumer Protection Act, Mr. Rosales was harmed in an amount to be proven at trial.

40. Flagstar willfully and knowingly engaged in this unfair and deceptive behavior and, therefore, Mr. Rosales is entitled to his actual damages, treble damages, and attorney's fees pursuant to Tenn. Code Ann. § 47-18-109.

## COUNT FOUR: TRUTH IN LENDING ACT

41. Mr. Rosales incorporates the above-referenced paragraphs as if restated herein.

42. The Truth in Lending Act, 15 U.S.C. 1601 *et seq.*, protects against unfair credit and lending acts.

43. Flagstar violated the Truth in Lending Act by failing to inform Mr. Rosales that it had ceased automatically drafting the payments for his mortgage, and thereafter by refusing to rectify its mistake by informing the credit bureaus to prevent damage to Mr. Rosales's credibility.

44. As a proximate result of Flagstar's unlawful actions, Plaintiff was injured in an amount to be proven at trial.

45. Section 1640 of Title 15 of the U.S. Code provides a private right of action to an individual for violation of these statutes to be awarded any actual damages and twice the amount of finance charges in connection with the transaction or, in the case of an individual action relating to a credit transaction not under an open-end credit plan that is secured by real property or a dwelling, to be awarded not less than $400 or greater than $4,000.

46. Furthermore, Section 1692 of Title 15 of the U.S. Code similarly provides a private right of action to an individual for violation of these statutes to be awarded any actual damages; additional damages the court may allow in an amount not exceeding $1,000; and attorney's fees and costs.

47. Accordingly, Mr. Rosales is entitled to his actual damages, $4,000 in additional damages, attorney's fees, and costs.

## COUNT FIVE: NEGLIGENCE

48. Mr. Rosales incorporates the above-referenced paragraphs as if restated herein.

49. Flagstar had a duty to Mr. Rosales to inform him that it had ceased auto-drafting

6

payments from his account for his mortgage.

50. Flagstar further had a duty to prevent damage to Mr. Rosales's credibility due solely to its mistake.

51. Flagstar breached these duties by first failing to inform him of the stopped payments and then refusing to inform the credit bureaus of its mistake.

52. Flagstar's acts constitute negligence that has proximately harmed Mr. Rosales in an amount to be proven at trial.

## COUNT SEVEN: DECLARATORY JUDGMENT

53. Mr. Rosales incorporates the above-referenced paragraphs as if restated herein.

54. Mr. Rosales is entitled to a declaratory judgment, pursuant to Tenn. Code Ann. § 29-14-101 *et seq.*, declaring that:

   a. Mr. Rosales had the right to rely on the good faith of Defendant and its agents;

   b. Flagstar guaranteed it would continue Mr. Rosales's automatic payments;

   c. Flagstar failed to continue drafting the automatic payments without informing Mr. Rosales of the same;

   d. Flagstar must contact all credit bureaus about its mistake to repair any damage done to Mr. Rosales's credibility.

## COUNT EIGHT: BREACH OF CONTRACT

55. Mr. Rosales incorporates the above-referenced paragraphs as if restated herein.

56. The parties had a contract wherein Flagstar would automatically draft Mr. Rosales's mortgage payments from his specified checking account.

57. Flagstar continued to automatically draft Mr. Rosales's mortgage payments for several months, and then ceased doing so without any notice to Mr. Rosales of the same.

7

58. Flagstar has accordingly breached its contract with Mr. Rosales.

59. As a direct and proximate result of Flagstar's breach of contract, Mr. Rosales was injured in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Mr. Rosales prays for relief and judgment against Flagstar as follows:

a. That Flagstar be served with a copy of the Complaint and be required to answer within the time prescribed by law;

b. That Mr. Rosales be awarded a judgment against the Defendants for compensatory damages;

c. That Mr. Rosales be awarded punitive damages, treble damages, and any other statutory damages against Flagstar based upon its willful, knowing, intentional, or reckless behavior;

d. That Mr. Rosales be awarded his attorney's fees and costs expended in this lawsuit;

e. That a jury be impaneled to hear this case; and

f. That Mr. Rosales be awarded any and all other relief to which he may be entitled.

Respectfully submitted,

**MCKELLAR LAW GROUP, PLLC**

/s/ Pooja R. Bery
Andrea Taylor McKellar, BPR #019618
Pooja R. Bery, BPR #038652
117 28th Avenue North
Nashville, TN 37203
Telephone: 615.866.9699
Facsimile: 615.866.1278
andie@mckellarlawgroup.com
pooja@mckellarlawgroup.com

*Attorneys for Plaintiff*